WATERS-PIERCE OIL COMPANY *v.* HOT SPRINGS.

Opinion delivered March 23, 1908.

1. MUNICIPAL ORDINANCE—VEHICLE TAX—CONSTRUCTION.—A city ordinance which imposes "an annual tax or license fee" on various kinds of wagons or vehicles, ranging in amounts from $50 to $10 on each wagon or vehicle, but which makes no provision for inspection of vehicles, and expressly provides that "the funds arising from the license herein provided for shall be applied only to the maintenance and repair of the streets and alleys of the city", must be treated as an attempt to tax, rather than to regulate. (Page 511.)

2. SAME—VALIDITY OF LICENSE FEE AS REGULATION.—If a city ordinance which provides for a license fee to be paid by the owners of all vehicles, in amounts ranging from $50 to $10, be treated as a regulation of "the transportation of articles throughout the streets," as authorized by Kirby's Digest, § 5438, such regulation would be void on account of the unreasonable fee charged for the license. (Page 512.)

3. SAME—TAXES ON WAGONS—DISCRIMINATION.—A city ordinance which imposes an annual tax upon coal oil wagons of $50, while imposing an annual tax of only $25 on ice wagons and of $10 on other vehicles, is void as a tax, because it arbitrarily discriminates against all owners of vehicles used for delivering coal oil. (Page 512.)

4. SAME—WHEN PRIVILEGE TAX DISCRIMINATING.—A privilege tax may be discriminating as to a class of persons, though it affects alike every member of such class. (Page 513.)

5. SAME.—If the constitutional provision that "no privileges or immunities shall be granted to any citizen or class of citizens which upon the same terms shall not equally belong to all citizens" (art. 2, § 18) applies only to natural persons, and not to corporations, a municipal ordinance which discriminates between the owners of vehicles, without regard to whether they are natural or artificial persons, is void. (Page 514.)

Appeal from Garland Circuit Court; *S. W. Leslie,* Special Judge; reversed.

*J. D. Johnson* and *Mehaffy, Williams & Armistead,* for appellant.

1. The ordinance is void, under section 5454, Kirby's Digest, as an exercise of the police power, because the fee is unreasonable, and its main purpose is revenue. 56 Ark. 370, 374; 43 *Id.* 82; 34 *Id.* 603; 52 *Id.* 23; *Ib.* 301; 70 *Id.* 221; 83 *Id.* 351.

2. It is invalid as an exercise of the taxing power, under section 5649, Kirby's Digest. 70 Ark. 549; 118 Ga. 58; 27 Ark. 468; 180 Mass. 180; 180 Mo. 309.

*C. Floyd Huff,* for appellee.

1. The ordinance is valid unless reasonable, and there is no proof to that effect. 52 Ark. 301; 70 *Id.* 28. It is a valid exercise of the police power.

2. Express power is given to tax for the *privilege* of keeping and using wheeled vehicles. Kirby's Digest, § 5649. The constitutionality of this act was upheld in 70 Ark. 549. Even as a revenue measure, it is valid. 70 Ark. 549.

McCULLOCH, J. Appellant was convicted of violating an ordinance of the city of Hot Springs, and on this appeal questions the validity of the ordinance.

The ordinance provides that "the owner of all vehicles used upon the streets of the city of Hot Springs, provided for by the General Assembly of 1901 and prior acts, shall pay an annual tax or license fee, as follows:" Then follows an enumeration of the schedule of amounts payable on the various kinds of vehicles, distinguishing those kept for hire and those kept for private use. Under the latter class the ordinance prescribes a

tax or license of $50, for each coal oil wagon, or wagon used for the purpose of delivering coal oil, gasoline, or other similar commodities," irrespective of size, weight or capacity. There is a provision "for each wagon drawn by one or more horses used for hauling ice, twenty-five dollars each for the first two owned by any individual, firm or corporation, and twelve dollars and fifty cents each for all wagons over two owned by any individual, firm or corporation." The maximum amount on other vehicles is fixed at $10 each, and some kinds as low as $1.50 each.

It does not clearly appear from the face of the ordinance whether the amounts named therein are exacted as a tax or a license fee. It is somewhat ambiguous, as it provides that the amounts shall be paid as "an annual tax or license fee," though we think its form and substance indicates that it was intended to tax, rather than to regulate. The ordinance contains no provision for inspection of vehicles at all, and it expressly provides that "the funds arising from the license herein provided for shall be applied only to the maintenance and repair of the streets and alleys of the city." We are therefore of the opinion that the ordinance must be treated as an attempt to tax, rather than to regulate.

Cities of the first class are authorized by statute to tax the privilege of keeping and using wheeled vehicles. Kirby's Digest, § 5649, act March 26, 1901.

It is doubtful whether there is any authority for municipal corporations of any grade to regulate generally the keeping of vehicles for private use, though the regulation of vehicles used for transportation of articles through the streets is authorized by statute. Kirby's Digest, § 5438. But, if we should treat the ordinance as one "to regulate the transportation of articles throughout the streets," such as is authorized by statute, it is void on account of the unreasonable fee charged for the license. The only justification for charging a license fee at all is that a fund may be raised to defray the expenses of issuing the license and "the enforcement of such police inspection or superintendence as may be lawfully exercised over the business." Municipal corporations have no right to use the power to license and regulate as a means of raising revenue. *Stamps* v. *Burk,* 83

Ark. 351; *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 370; *Fayetteville* v. *Carter,* 52 Ark. 301. In *Stamps* v. *Burk, supra,* we held that a license fee of fifty dollars for the privilege of selling fresh meats in the town was void on account of its unreasonableness. It is difficult to see, if a system of inspection and superintendence had been provided in either instance, how a larger amount should be required for inspecting and superintending the transportation of articles through the streets than for regular inspection of fresh meats being sold by dealers and the superintendence of that business. If the fee was unreasonable in that instance, it is equally so in this, so it follows from that decision that the ordinance in question, if treated as one to regulate, is void.

Now, if we treat the ordinance as one to tax vehicles, there appears to be a distinct discrimination against the owners of coal oil wagon or wagon used for the purpose of delivering coal oil, gasoline or other similar commodities. A tax of $50 is levied on each wagon used for that purpose, $25 each for ice wagons and $10 or less on all kinds of vehicles.

Can any reason be found for this discrimination except an arbitrary use of the power? We see none. The framers of the ordinance adopted a classification based upon no difference in kind, size, capacity or weight of the vehicles or of their relative tendency to injure or wear the streets. It arbitrarily fixed a tax of $50 on vehicles used for transportation of one commodity and a tax of $10 or less on vehicles of the same kind, size and capacity used for other purposes. The ordinance can not be construed otherwise than as a discrimination against the owners of wagons used in the transportation of oil through the street. If this was a regulation ordinance, some distinction might be found in the regulation of oil wagons and those used for some other purpose. But, as we have already seen, there is no attempt at regulation, and, if there were, the amount charged is unreasonably high as a license fee. The amount charged is a tax for revenue purposes, which is unquestionably authorized by the Constitution and laws of the State, but which should be fairly and reasonably exercised without discrimination. We do not mean to say that the taxing power may not be exercised against the owners of one class of vehicles without directing it

against the owners of other kinds. It is the privilege of using the vehicle on the streets which is taxed, and not the vehicle itself (*Fort Smith* v. *Scruggs,* 70 Ark. 549) ; and the privilege of using one kind of vehicle may doubtless be taxed without taxing the privilege of using other kinds; but a discrimination in the taxation of a vehicle, because of the use made of it, irrespective of the kind of vehicle or its effect upon the wear of the streets, is either a discrimination against the business of the owner or against the owner himself.

While the constitutional guaranty that "all property subject to taxation shall be taxed according to value," and that "no one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value," does not apply to the taxation of privileges. still the taxing power as to privileges is not without some limitations, in that there can be no arbitrary and unreasonable discrimination against persons. The Constitution declares that no privileges or immunities shall be granted to any citizen, or class of citizens, which upon the same terms shall not equally belong to all citizens. Art. 2, § 18.

This principle is clearly recognized by this court in *Fort Smith* v. *Scruggs, supra.* Judge RIDDICK, in delivering the opinion of the court, said : "It is doubtless true that the Legislature could not arbitrarily select certain citizens upon whom to impose the tax, while exempting others in like situation. But the rule of impartiality only requires that the tax shall be collected impartially of all persons in similar circumstances." He was then speaking of an entire exemption of certain persons, but the same principle would, of course, apply to a partial exemption or a discrimination by taxing one person or class of persons in like circumstances less than others of the same class.

It does not palliate the discriminatory effect of the ordinances to say that *all* persons who use wagons for the delivery of oil are taxed, for there is no sound reason why those who use wagons for that purpose should be taxed for such use when those who use the same kind of wagons for other purposes are exempted entirely or are allowed to escape with a substantially smaller tax. The fact that a discriminatory tax applies to all persons of a given class does not render it any the less obnoxious

as an unjust discrimination against a class of citizens. There must be some other reason for the classification than the use of the vehicle, unless the use itself affords substantial grounds for a distinction. Ex parte *Deeds,* 75 Ark. 542; *Beckett* v. *Savannah,* 118 Ga. 58.

It may be said that the constitutional guaranty against the granting of special privileges and immunities to citizens or classes of citizens applies only to natural persons, and not to corporations (*Western Turf Assn.* v. *Greenberg,* 204 U. S'. 359) ; but the ordinance in question exacts the discriminatory tax of all owners of vehicles used for the purpose of delivering oil. Hence we .cannot presume that only corporations were meant to be taxed, even if such tax could be directed at corporations alone by municipalities. For an instructive decision on the questions involved, see *Raymond* v. *Chicago Traction Co.,* 207 U. S. 20.

We are therefore of the opinion that the ordinance, so far as its discriminatory effect is concerned, is void.

Judgment reversed and cause dismissed.