DAVIES *v*. HOT SPRINGS.

Opinion delivered January 19, 1920.

1. TAXATION—RESTRICTIONS ON POWER.—Unlimited power of taxation is an essential attribute of sovereignty, and restrictions on the power to impose a particular kind of tax must be found in the Constitution.

2. TAXATION — UNIFORMITY — PRIVILEGE TAXES.—The constitutional provisions respecting uniformity in taxation apply only to property taxes, and not to taxation of privileges.

3. TAXATION—CLASSIFICATION OF PRIVILEGES.—The State may select the privileges to be taxed, and the omission from the list to be taxed of a number of occupations does not constitute an unlawful discrimination, so long as there is no discrimination between persons in like situations and pursuing the same class of occupation.

4. TAXATION—EXEMPTION IN OCCUPATION TAX.—The exemption by act of February 19, 1919, page 82, of persons paying a tax to the city or State on gross incomes from the occupation tax which municipalities are authorized to impose, is not an unlawful discrimination.

5. STATUTES—PARTIAL INVALIDITY.—If the exemption in act of February 19, 1919, page 82, authorizing cities to tax occupations of persons paying a tax on gross incomes to the city or State is void, it does not invalidate the statute, except as to those classes of privileges to which the exception applies.

6. MUNICIPAL CORPORATIONS — REFERENDUM OF ORDINANCES — VALIDITY OF STATUTE.—If act of February 19, 1919, page 82, section 6, authorizing a referendum of an ordinance imposing an occupation tax be held to disqualify voters who have recently come of age, and whose names are not on the poll tax list, to sign the referendum petition, the act is not void, as the Legislature may confer or withhold the referendum, and may prescribe the terms on which it may be exercised.

7. TAXATION—MUNICIPAL OCCUPATION TAX.—Act of February 19, 1919, page 82, authorizing cities to tax occupations, authorizes the imposition of a tax, and not merely a license fee for purposes of regulation.

8. TAXATION—OCCUPATIONS.—While the State can not impose a license fee for purposes of regulation on a lawful business which needs no regulation, the power to tax even lawful occupations has no such restrictions upon it.

9. TAXATION—ENFORCEMENT OF LICENSE TAX.—Where the Legislature authorizes the imposition of a license tax by municipalities as a condition for the exercise of an occupation, it may authorize the imposition of a fine as a method of enforcing payment.

10. TAXATION—LICENSE TAX—REGULATION.—An ordinance imposing occupation taxes for revenue purposes need not provide for any system of regulation or inspection of the occupations taxed.

11. TAXATION—OCCUPATION TAX—CLASSIFICATION OF MERCHANTS.—An ordinance classifying merchants according to the amount of goods and merchandise carried in stock is not unreasonable or arbitrary.

12. TAXATION—OCCUPATION TAX—CLASSIFICATION OF PHYSICIANS AND LAWYERS.—An ordinance under act February 19, 1919, page 82, classifying physicians and attorneys for taxation by imposing a greater tax on those who have practiced ten years or longer violates the provision of the statute that no classification shall be based upon earnings or income.

13. MUNICIPAL CORPORATIONS—PARTIAL INVALIDITY OF ORDINANCE.— The discriminatory effect of an ordinance imposing a greater tax on lawyers and physicians who have practiced ten years or longer can be eliminated by striking out the excessive amount of the tax, leaving the ordinance effective as imposing the smaller tax on all lawyers and physicians.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; reversed in part.

*R. G. Davies,* for appellants.

The act as well as the ordinance of the city itself is void and unconstitutional. The statute provides an unjust and discriminatory method of classification, which renders it void and exempts from tax persons, firms, etc., who pay a tax to the city or State on gross incomes. The ordinance was not passed according to law nor published as required by law. 56 Ark. 370; 100 *Id.* 406; 40 *Id.* 105; 98 Mass. 219; 36 Ind. 90; 23 Mich. 457; Dillon, Munic. Corp., § 291 (299). The council had no authority to pass the ordinance, and it is void. 31 Ark. 462; 34 *Id.* 105-8; 27 *Id.* 467; 64 *Id.* 363. It also violates section 4 of said act and conflicts with it. 75 Ark. 458. It also violates

article 2, section 18 of the Constitution. 61 Ark. 226; 61 *Id.* 622; 103 *Id.* 298; 17 R. C. L. 474; 175 Ill. 445-458; 58 Miss. 478, 559; 34 Am. Dec. 636; 90 Ark. 127. It is void as an occupation tax and is opposed to public policy. 17 R. C. L. 480; 177 U. S. 183; 33 Fla. 162; 31 Am. St. 770; 127 Ind. 109; 34 Am. Dec. 628; 23 How. 437; 17 R. C. L. 635.

The ordinance is void both as a tax and as a license. 85 Ark. 509. Taxes can not be imposed as a license. 17 R. C. L. 639. Lawyers can not be thus discriminated against or deprived of a living. 64 Mo. 639; Cooley, Const. Lim., §§ 495-521; 23 Gratt. 564; 4 Wall. 333; 101 Ark. 238. See also 88 Ark. 263; 96 *Id.* 199; 52 *Id.* 301; 93 *Id.* 612.

*J. C. Marshall, amicus curiae.*

The act is void as well as the ordinance. It exempts certain classes from the tax or license and is contradictory and discriminatory and is indefinite and uncertain in meaning. 49 L. R. A. (N. S.) 955; 57 *Id.* 348; 43 So. 1015; 51 L. R. A. 896-7; 16 *Id.* 608; 53 S. W. 882; 31 L. R. A. 522; 61 Ill. App. 374; 73 S. W. 1097; 76 N. E. 1121, etc.

*J. H. Carmichael* and *John F. Clifford, amici curiae.*

1. 46 Ark. 471 settles all the qeustions raised in favor of the city, because the 5th clause of section 3, act 1915, and act 94, Acts 1919, are almost identical, and the ordinance is in substantial compliance with the act, and **the city authorities are in better** position to make fair and equitable classification than either the court or Legislature. **This case has been** cited and approved in 124 Ark. 349; 70 *Id.* 555; 90 *Id.* 130; 93 Ark. 612; 37 L. R. A. (N. S.) 777.

2. As to the objection of class legislation, see 80 Ark. 333; 112 *Id.* 14; 52 *Id.* 228; 117 *Id.* 54; 85 *Id.* 512.

3. As to the referendum contention, see 45 Ark. 400; 49 *Id.* 376; 110 *Id.* 529; 67 *Id.* 594.

4. The ordinance is in substantial compliance with the act and such occupation or privilege tax acts have

often been sustained. 31 Kan. 151; 47 Am. Rep. 486; 25 Pac. 232; 12 *Id.* 310; 86 *Id.* 162; 10 *Id.* 99; 7 *Id.* 625; 89 *Id.* 10; 53 *Id.* 985; 30 L. R. A. 422; 17 L. R. A. (N. S.) 898; 184 U. S. 329; 100 N. C. 525.

*A. J. Murphy*, for appellee.

. Neither the act nor ordinance is void for any of the reasons stated by appellants. 46 Ark. 471; 49 L. R. A. (N. S.) 954; 18 L. R. A. 409; 56 Ark. 331; 37 *Id.* 356.

McCULLOCH, C. J. Appellants are citizens of the city of Hot Springs, severally pursuing various avocations of business, trade and profession, and they instituted this action in the chancery court attacking the validity of an ordinance of said city, imposing a tax on occupations. Section 1 of the act of February 19, 1919 (General Acts 1919, page 82), which is the source of the power of a municipality to impose an occupation tax, reads as follows:

"That hereafter any city council or board of commissioners of any city of the first and second class shall have the power to enact, by a two-thirds vote of all the members elected thereto, an ordinance or ordinances requiring any person, firm, individual or corporation who shall engage in, carry on, or follow any trade, business, profession, vocation or calling within the corporate limits of such city, except such persons, firms, individuals or corporations who pay a tax to the city or State on gross incomes, to take out and procure a license therefor and pay into the city treasury before receiving same, such a sum or amount of money as may be specified by such ordinance or ordinances for such license and privilege. The city council or board of commissioners shall have the right to classify and define any trade, business, profession, vocation or calling and to fix the sum or amount any person, firm, individual or corporation shall pay for such license required for the privilege of engaging in, carrying on, or following, any trade, business, vocation or calling, based on the amount of goods, wares or merchandise carried in stock in any business, or the

character and kind of trade, business, profession, vocation or calling, but no classification shall be based upon earnings or income; and shall have the full power to punish for violation of such ordinance or ordinances. *Provided,* no person, firm, individual or corporation shall pay a license fee or tax mentioned in this act in more than one city in this State, unless such person, firm, individual or corporation maintains a place of business in more than one city, and the license charged and collected shall be for the privilege of doing business or carrying on any trade, profession, vocation or calling in the city where such trade, business, profession, vocation or calling is situated. *Provided further,* that neither the above limitation as to the amount of license nor anything contained herein shall be construed as a limitation or restriction upon the power of such city to tax, license, regulate or suppress any trade, business, profession, vocation or calling in any case where power has been previously, or may hereafter be, conferred by any other laws or statutes.''

The attack is on the validity of the statute itself as well as the ordinance in question passed by the municipality. It is conceded to be within the power of the legislative branch of our State Government to pass laws authorizing municipal corporations to provide by ordinances for the enforcement of a tax on occupations, including professional, trade and business avocations of all kinds. This court has expressly decided that under the Constitution now in force that power exists. *Little Rock* v. *Prather,* 46 Ark. 479; *Fort Smith* v. *Scruggs,* 70 Ark. 555; *Laprairie* v. *City of Hot Springs,* 124 Ark. 349; *Pine Bluff Transfer Co.* v. *Nichol,* 140 Ark. 320.

Section 5, article 16 of the Constitution expressly provides that the General Assembly shall have power to tax privileges, and in section 23 of article 2 it is provided that ''the General Assembly may delegate the taxing power, with the necessary restriction, to the State's subordinate political and municipal corporations.'' Unlimited power of taxation is an essential attribute of sov-

ereignty and self-imposed restrictions must be found in the organic law of the sovereign State to find justification for declaring the imposition of a particular kind of tax to be unauthorized. This principle is so well settled that it needs no citation of authority to support it.

It is claimed, however, that the statute provides an unjust and discriminatory method of classification which renders it void. In consideration of that question it must be remembered that the provision of the Constitution with respect to uniformity in taxation applies only to a property tax, and has no reference to the taxation of privileges. *Fort Smith* v. *Scruggs, supra.* The State having the power to tax privileges, it necessarily follows that it may make its own selection of the privileges to be taxed, and the omission from the list to be taxed of any number of occupations does not constitute an unlawful discrimination. *Ex parte Byles,* 93 Ark. 612. The only restriction which the law imposes on the exercise of the power is that there shall not be a discrimination between persons in like situations and pursuing the same class of occupation. *Waters-Pierce Oil Co.* v. *Hot Springs,* 85 Ark. 509.

It is contended that the whole statute is rendered void by the exemption from the tax of "persons, firms, individuals or corporations who pay a tax to the city or State on gross incomes." The argument is that this is an unjust exemption which constitutes a discrimination against the same class of persons or corporations who are not compelled by statute to pay a tax to the city or State on gross incomes, and that this avoids the whole statute. It is not correct to say that the exemption in favor of those who pay a privilege tax on incomes to the city or State is an unjust exemption and amounts to an unlawful discrimination. This is not a property tax, but is a tax on privileges, and the exemption from its operation of one who pays for a privilege in another form, and on a different basis, does not necessarily constitute an unjust classification. It does not follow, however, that, even if the exemption were found to be void, it would affect the

validity of the statute in other respects, for, if the imposition of the tax on some classes of privileges fails, this does not affect the validity of the tax on other privileges. *Fort Smith* v. *Scruggs, supra.* The striking out of an exemption could not be made to operate so as to bring under the operation of the statute privileges which the statute had exempted. *Ex parte Deeds,* 75 Ark. 542. But the striking out of a whole class by reason of exemptions would not defeat the statute as a whole so far as it operated on other classes. In other words, because the legislative will is thwarted with respect to the tax on some of the classes or privileges affords no grounds for defeating the other classes which the lawmakers obviously intended to tax.

It is argued that there are certain kinds of insurance companies that are not required by statute to pay a tax on gross incomes, and that this operates as a discrimination against such companies as between that kind of insurance business and other kinds which are required to pay the tax to the State on gross incomes. It is sufficient answer to this argument to say that none of that class of tax payers are involved in the present litigation, and, therefore, it is unnecessary to discuss that feature of the statute, since, as before stated, a decision as to the validity of the statute in that respect would not affect the rights of other tax payers who are parties to this litigation.

Another attack on the validity of the statute relates to the provision contained in section 6 for a referendum of ordinances passed by municipalities for the imposition of the tax. That section provides that when "a petition signed by fifteen per cent. of the qualified electors of said city, as shown by the latest payment of poll tax," shall be filed with the city clerk within thirty days from the first date of publication of the ordinance, "an election shall be called by said city council or board of commissioners within ninety days from the date of the filing of said petition, and said ordinance shall be referred to the qualified electors of said city." The contention is that

the statute is void because this provision restricts the right to sign the referendum petition to electors of the city whose names appear on the list of tax payers of the city. It is unnecessary to decide whether or not the language of the statute means that electors such as those who have recently become of age shall not have the privilege of signing the petition, for the reason if such were the effect of the language it would not avoid that portion of it. There is no provision of our Constitution which either confers the right of referendum on municipal ordinances or that denies or restricts such referendum power. *Tomlinson Bros.* v. *Hodges,* 110 Ark. 528. The whole matter is within the power of the Legislature as the source of the authority for passage of municipal ordinances. The Legislature has the power either to confer or withhold the referendum and to prescribe the terms on which it may be exercised. The conditions expressed in this statute are not unreasonable, and do not, under any construction, conflict with any of the legal rights of voters. The right of referendum is expressed merely as a condition, and the privilege of signing such a petition exists only by virtue of the statute which confers it. The signing of the petition is not an election in any sense, but a mere condition upon which there may be a referendum of the measure to the people. Of course, the right to exercise the franchise at an election under the referendum is another thing, but there is nothing in this statute which restricts the privilege of any qualified elector to vote at such an election.

Again, it is contended that, the statute being one which provides for the imposition of a tax and not for a mere regulation of certain occupations, the provision for enforcement by fine is void. It is clear from the language of the whole statute that it is intended as the imposition of a tax. The words "license fee" is used generally, but when the whole language is considered together, it is manifest that the Legislature intended to authorize the imposition of a tax by municipalities on all occupations which a municipality may by ordinance select.

One of the strongest indications of this intention is that it makes no distinction between the different kinds of occupations with respect to the propriety or necessity for some kind of regulation. While the State has no right to impose a license fee for purposes of regulation on a lawful business which needs no regulation, the power to tax even lawful occupations has no such restrictions upon it. There are cases which seem to hold that where the power exercised is one to impose a tax and not to regulate a business or occupation which the public has a right to regulate, the tax cannot be imposed as a condition upon the right to pursue the occupation and a fine be imposed for pursuing it without paying the tax. This view of the matter is, we think, wholly erroneous, for the power to tax necessarily carries with it the efficient power to enforce the payment of the tax. The requirement of the payment of the tax for the exercise of the privilege of pursuing an occupation and the imposition of a fine or other punishment for pursuing the business without first having paid the tax is a mere method of enforcing payment, and it clearly falls within the power of the taxing authority. *Ex parte Byles, supra;* 2 R. C. L., p. 951; *Banta* v. *City of Chicago,* 172 Ill. 204, 40 L. R. A. 611; *Cousins* v. *State,* 50 Ala. 113; *Wilmington* v. *Macks,* 86 N. C. 88.

All of these attacks on the validity of the statute are, therefore, unfounded.

Now, the first attack on the validity of the ordinance is that it imposes a license fee without containing any provision for inspection or regulation, and the effort is to bring the case within the doctrine laid down by the decisions of this court where it is held that license fees under ordinances which were intended merely for purposes of regulation must limit the license fee to a charge for expenses of regulation. This ordinance, and the statute which authorizes it, is, as we have already seen, not one for the imposition of a license fee merely to provide for regulation of certain occupations, but it is an ordinance for the imposition of a tax. It is, therefore, un-

necessary for the ordinance to provide for any system of regulation or inspection. The ordinance is one purely for raising revenue, and it applies to all occupations selected and classified by the taxing power, regardless of the kind of business, and without any coincident effort to regulate.

The principal attack on the validity of the ordinance itself relates to the classification of occupations and the amount of the tax. The inquiry must, of course, be confined to the classifications which affect the parties to this litigation, as they are not interested in other classes of occupations. Most of the appellants are engaged in business as merchants, and the classification in the ordinance follows the authority conferred by the statute by basing the tax "on the amount of goods, wares and merchandise carried in stock."

We find no legal objection to this statutory basis, as the classification is not unreasonable and arbitrary. This subject was thoroughly and learnedly discussed by the late Justice Brewer in the opinion of the court in the case of *City of Newton* v. *Atchison,* 31 Kan. 151, and little can be said in addition to what is said in that opinion in support of this kind of a basis of taxation.

Appellant Davies is a lawyer, and several of the other appellants are practicing physicians in the city of Hot Springs, and they attack the ordinance on the classification of such professional men according to the number of years in practice. The ordinance provides that the tax shall be $25 on all who have been in practice less than ten years, and $50 on all who have been in practice ten years or longer. There is an express provision in the statute itself to the effect that "no classification shall be based upon earnings or income." If the length of service in the practice of law or medicine can be made the basis of classification, it is because length of service denotes probable earning capacity, as a seasoned lawyer or physician of longer experience can probably earn a greater annual income than one of less experience, but to permit a classification based on the distinction as to

length of service necessarily results in a basis of earnings or income which is expressly forbidden by the statute. It is difficult to see how men of the same·learned profession can be put in different classes for purposes of taxation except upon the basis of difference in earning capacity or income and any other classification would be purely arbitrary.

We hold, therefore, that the ordinance is in conflict with the statute in so far as it imposes an additional amount of tax on lawyers and physicians who have been in practice ten years or longer. The discriminatory effect of the ordinance can, however, be eliminated by striking out the excessive amount of the tax without affecting the validity of the ordinance in any other respect. This would leave the ordinance effective as to an imposition of the tax on all lawyers and physicians in the lowest sum expressed in that classification, to-wit, the sum of $25. To this extent the decree of the chancellor is erroneous; for the ordinance shows on its face the defect indicated above.

The decree is, therefore, reversed and modified to the extent that it denies relief to the appellants mentioned with respect to the excessive amount of tax imposed. In all other respects the decree is affirmed.