## McIntosh *v.* Little Rock.

Opinion delivered June 25, 1923.

1. Statutes—construction.—All new legislation must be construed in reference to existing legislation.

2. Licenses—occupation tax—repeal.—Acts 1923, No. 345, imposing a tax upon the entire gross income of every resident of the State, for the benefit of the public schools, is not in conflict with Crawford & Moses' Dig., § 7618, which authorizes an occupation tax to be levied by cities of the first and second class notwithstanding § 7618 contains an exemption in favor of "such persons, firms, individuals or corporations who pay a tax to the cities or State upon gross incomes," since the act of 1923 provides, in section 24, that the tax thereby imposed shall be in addition to all other taxes.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*Isgrig & Dillon* and *J. C. Marshall,* for appellant.

Act 345 of Acts 1923, imposing an income tax, is in conflict with § 7618, C. & M. Digest, and relieves appellant from payment of the occupation tax prescribed by ordinance passed pursuant to said section. The occupation tax statute was held void in 141 Ark. 421. It would be a gross discrimination to say that persons required to pay the gross income tax to the State at a later day would not be exempt, while those required to pay it by an earlier statute would be. 85 Ark. 509. The Legislature intended to exempt from city occupation taxes all those who are required at any time to pay a tax to the State on gross incomes.

*A. B. Cypert,* for appellee.

Appellee contends that act 345 of Acts 1923 is unconstitutional and does not affect the law authorizing

cities to levy occupation taxes. In conflict with § 5, art. 16, Constitution of Arkansas. 86 So. 56; 26 R. C. L. 145; 7 Wall. 433, 19 U. S. (La.) 253; 93 Atl. (N. H.) 211. If the income tax is a property tax, said act is unconstitutional. See § 24 of act. The object of statutory construction is to arrive at the legislative intent. 117 Ark. 606; 150 Ark. 493; 133 Ark. 157; 35 Ark. 56; 48 Ark. 308; 76 Ark. 443. It could not have been the intention to take the occupation tax from the cities without making other provision for revenue for them.

SMITH, J. Appellant is a practicing attorney in the city of Little Rock, and has declined to pay the occupation tax assessed by an ordinance of that city upon attorneys. He was fined for his refusal, both in the municipal court and in the circuit court on appeal, and has prosecuted this appeal to reverse that judgment.

Section 7618, C. & M. Digest, authorizes cities of the first and second class to enact ordinances requiring every person, firm, individual or corporation engaged in any trade, business, profession, or vocation, to procure a license so to do.

An ordinance enacted pursuant to this statute was upheld in the case of *Davies* v. *Hot Springs,* 141 Ark. 521.

The statute contains an exemption in favor of "such persons, firms, individuals or corporations who pay a tax to the city or State on gross incomes," such persons being exempted from the requirements of the statute. The statute authorizes the city to classify the persons subject to the tax, but, after doing so, provides that "no classification shall be based upon earnings or income."

Pursuant to this statute, the city of Little Rock enacted an ordinance fixing the license to be paid by practicing attorneys, and it was for his refusal to pay this license that appellant was fined.

By act 345 of the Acts of the General Assembly of 1923, approved March 8, 1923, a tax for the benefit of

the public schools of the State was imposed upon the entire gross income of every resident of the State. The term "gross income" is defined in the act to include gains, profits, and income derived from salaries, wages, or compensation for personal service, or from professions, vocations, trades, businesses, commerce, or sale, etc.

Appellant earns an income from his profession, and has become subject to the payment of this tax, and he says that, having become subject to the payment of this tax on his income, he is now exempt from the payment of the municipal license fee, and he assigns this as his reason for his refusal to procure a city license. It will be observed that appellant does not attack the act of 1923. Indeed, he claims exemption from liability for the city tax through its provisions.

On behalf of the city it is insisted, first, that the act of 1923 is unconstitutional, and therefore does not repeal the city ordinance, and second, that the act of 1923, even if constitutional, is not in conflict with § 7618, C. & M. Digest, pursuant to which the city ordinance was passed.

As we are of opinion that the city is correct in its second insistence, we do not consider the constitutionality of the act of 1923, for, as we have said, appellant not only does not attack it, but relies on it to excuse his failure to pay the city tax.

It is the insistence of appellant that the exemption in favor of persons "who pay" a tax on gross incomes refers to those who pay at the time any particular act is passed imposing a tax on gross incomes as to them; and in this he is correct, so that, if the act of 1923 contained no other provision on the subject, the effect of its enactment would be to exempt from liability for the city license all persons who are required to pay tax on incomes under the act of 1923; but there is another section of the act of 1923 which, we think, must be looked to to ascertain the legislative intent. It reads as fol-

lows: "Section 24. The taxes imposed by this act are in addition to all other taxes imposed by law, and are levied for the sole use and benefit of the public schools for the State of Arkansas."

All new legislation must be construed with reference to existing legislation. *Thompson* v. *Road Imp. Dist.,* 139 Ark. 136; *Board of Dir.* v. *Williford,* 120 Ark. 415; *Benton* v. *Willis,* 76 Ark. 443.

Section 7618, C. & M. Digest, does not authorize the cities to impose an income tax as such. The authority it confers is to impose an occupation tax; and one subject to it must pay the tax although he derives no income from his attempt to practice his profession or vocation; indeed, it is expressly provided that no classification shall be based upon earnings or income. So therefore the General Assembly was advised that an occupation tax was levied in the cities, or was authorized to be levied. Now, the act of 1923 is an additional tax. It was not enacted to relieve any one from the payment of any tax to which he might be subject under the existing laws. The Legislature, no doubt, anticipated that questions would be raised as to the purpose and effect of the act, and it sought by § 24 to furnish its own interpretation, and that is that the taxes imposed by this act are in addition to all other taxes imposed by law.

It is a new tax, and a tax in addition to all other taxes, made so by the express language of the act itself. It is levied upon the income, and is measured by the amount of the income, and we think the legislative intent is clear to impose more taxes, and not to relieve any one from any impost to which he was otherwise subject.

Under this view, appellant should pay the city license, and the judgment of the court imposing a fine for not doing so is affirmed.