ROGERS v. ROGERS.

## Opinion delivered June 20, 1927.

1. MUNICIPAL CORPORATIONS—LEVY OF OCCUPATION TAXES.—Crawford & Moses' Dig., § 7618, authorizing municipal corporations to levy and collect occupation taxes, is constitutional, as it does not discriminate between persons in like situations and pursuing the same classes of occupations.

2. LICENSES—OCCUPATION TAX.—Under an ordinance imposing a license fee on an investment of $25,000 and less than $50,000, without imposing the tax on a business involving more than $50,000, held that the license fee on an investment of $25,000 would be held to be payable on any amount in excess thereof.

3. LICENSES—VALIDITY OF OCCUPATION TAX.—An ordinance requiring every person engaged in the businesses named to procure from the city a license, affecting all persons similarly situated, held valid against charge of discrimination.

4. MUNICIPAL CORPORATIONS—PARTIAL INVALIDITY OF ORDINANCE.— A provision in a municipal tax ordinance, authorizing the council to reduce or to remit the whole of a license, would not, even if void, render the entire ordinance void, where it contained a provision that invalidity of any section should not affect the valid provisions.

5. LICENSES—SUFFICIENCY OF ALLEGATION OF INVALIDITY OF OCCUPATION TAX.—In order to challenge the validity of a provision in an occupation tax ordinance permitting the city council to remit the whole or part of the tax, the complainant must allege specifically what is being done; general conclusions being insufficient.

6. PLEADING—CONCLUSION OF LAW.—A general allegation that a city and city council were arbitrarily enforcing an invalid provision of an occupation tax ordinance, permitting the remission of the tax, and would continue so to do, if not enjoined, without stating specific facts, held a mere conclusion of law.

7. LICENSES—VALIDITY OF OCCUPATION TAX.—The only limitation on license taxation seems to be that it must not be so unreasonable as to show a purpose to prohibit a business which is not in itself injurious to public health or morals, and does not violate the constitutional requirement of equality and uniformity.

8. INJUNCTION—ENFORCEMENT OF TAX ORDINANCE.—The court will not enjoin the enforcement of a provision of an occupation tax ordinance permitting the council to remit all or part of the tax, in the absence of allegations of facts amounting to discrimination or an effort to enforce this section of the ordinance.

Appeal from Benton Chancery Court; *Lee Seamster,* Chancellor; affirmed.

*W. W. Sikes* and *McGill & McGill,* for appellant.

*Duty & Duty* and *Paul Anderson,* for appellee.

MEHAFFY, J. The appellants, who are citizens of Rogers, filed this suit in the chancery court, attacking the validity of an ordinance of said city imposing a tax on occupations. The ordinance is quite lengthy, and it would serve no useful purpose to copy it at length. But we will call attention to and discuss the provisions referred to by appellants and relied on by them as making the ordinance void.

The appellants did not contend that the city did not have authority to pass an ordinance taxing occupations. This question and the validity of § 7618 of Crawford & Moses' Digest was settled in the case of *Davies* v. *Hot Springs,* 141 Ark. 521, 217 S. W. 769, in which case the court, speaking of the power of the legislative branch of the State Government to pass laws authorizing municipal corporations to provide by ordinance for the enforcement of a tax on occupations, said: "This court has expressly decided that, under the Constitution now in force, that power exists."

A number of authorities are cited, and the court also said in that case: "The only restriction which the law imposes on the exercise of the power is that there shall not be a discrimination between persons in like situations and pursuing the same class of occupation."

But the appellant states: "What we contend for in the case at bar is that there is gross inequality and unreasonable discrimination." And it is then contended that the ordinance does not provide for the payment of any tax where the amount of the investment exceeds $50,000. We do not think that a proper construction of the ordinance justifies this conclusion. Section 1 provides as follows:

"That it shall be unlawful for any person, firm, individual or corporation within the city limits of said city of Rogers, Arkansas, to engage in, carry on, or

follow any of the trades, businesses, vocations, professions or callings without having first procured from the city collector of the said city of Rogers, Arkansas, and having paid therefor the amount of license hereinafter mentioned and provided in this ordinance, for the privilege of engaging in, carrying on or following such trade, business, profession, vocation or calling in said city of Rogers, Arkansas.''

It is the evident intention and purpose of the ordinance to require every person engaged in the business named to procure from the city collector a license, and the license fee is fixed at $50 where the investment represented is as much as $25,000 and less than $50,000. It would be unreasonable to construe the ordinance to mean that, where the business represented an investment of $50,000 or more, no tax would be required, and, since $50 per annum is named as the highest fee paid, and it is to be paid where the investment is $25,000 and less than $50,000, that for any amount in excess of $25,000 it is evident that the fee would be $50 per annum.

We think a proper construction of the ordinance justifies the conclusion that the maximum tax is $50 per annum. In the case of *Waters-Pierce Oil Co.* v. *Hot Springs,* 85 Ark. 509, 109 S. W. 293, 16 L. R. A. (N. S.) 1035, the ordinance provided for a tax or license of $50 for each coal-oil wagon or wagon used for the purpose of delivering coal-oil or gasoline or other similar commodities, irrespective of size, weight or capacity. And then there was a provision in the ordinance for each wagon drawn by one or more horses, used for hauling ice, $25 each for the first two owned by any individual, firm or corporation. The maximum amount on other vehicles was fixed at $10, and some were as low as $1.50. The court said in discussing this ordinance:

''But, if we should treat the ordinance as one 'to regulate the transportation of articles through the streets,' such as is authorized by statute, it is void on account of the unreasonable fee charged for the license.

The only justification for charging a license fee at all is that a fund may be raised to defray the expenses of issuing the license and 'the enforcement of such police inspection or superintendence as may be lawfully exercised over the business.' * * * It is difficult to see, if a system of inspection and superintendence had been provided in either instance, how a larger amount should be required for inspecting and superintending the transportation of articles through the streets than for regular inspection of fresh meats being sold by dealers and the superintendence of that business. * * * Now, if we treat the ordinance as one to tax vehicles, there appears to be a distinct discrimination against the owners of coal-oil wagons or wagons used for the purpose of delivering coal-oil, gasoline or other similar commodities. A tax of $50 is levied on each wagon used for that purpose, $25 each for ice-wagons and $10 or less on all kinds of vehicles. Can any reason be found for this discrimination except an arbitrary use of the power? We see none." *Waters-Pierce Oil Co. v. Hot Springs*, 85 Ark. 509, 109 S. W. 293, 16 L. R. A. (N. S.) 1035.

In the above case there is a thorough discussion of the power to license or tax, and also a discussion of the question of discrimination. It can readily be seen that, to tax a wagon used for certain commodities, without any regard to its size or capacity, twice as much as a wagon used for carrying other commodities through the streets, is a discrimination. But there is no such discrimination in the ordinance taxing occupations in the city of Rogers. The ordinance here seems to affect alike all persons similarly situated.

The appellant next contends that the provision authorizing the city council to reduce or remit the whole or any part of the license imposed by the ordinance makes it void. There is a provision in the ordinance, however, to the effect that, if any section or provision is held to be void or invalid, it shall not affect any other section or provision which is not in itself void or invalid. Therefore if the provision objected to is void it would not affect

any other provision in the ordinance and would not affect any of the appellants in this case, as there is no contention that the city council had reduced or remitted any part of any license imposed by the ordinance. The complaint, however, alleges that this provision was being enforced, but the allegation is general, does not name any particular instance, and we do not think that the arbitrary or wrongful action of the council would affect the validity of the whole ordinance or the validity of any other provision of the ordinance, and that, in order to determine the question as to the validity of the provision complained of or the action of the council under' said provision, plaintiffs would have to make specific allegations as to what was being done, and that the general allegation that the defendants are enforcing the provisions of said ordinance and will continue to do so if not enjoined, largely under the power conferred under § 6, by remitting such portions of licenses in any business or occupation, etc., is not a sufficient allegation, for the reason that it does not state any facts, but is a mere conclusion of law.

If certain persons that are within the class are exempt, and others are required to pay the tax, this would make the ordinance void, or, at least, that section of the ordinance. If a few, or any number of persons less than all, who follow a designated trade or occupation, be exempt, while others are taxed, the law imposing the tax would not be general, and would therefore be void. But it is, of course, impossible, in the very nature of things, to devise a tax law that shall operate with perfect equality on all. And it has therefore been held that the only limitation on license taxation seems to be that it must not be so unreasonable as to show a purpose to prohibit a business which is not in itself injurious to public health or morals, and the constitutional equality and uniformity of occupation taxes is violated by an ordinance, although it may be fair on its face, imposing a tax on all of a class, but which is collected only from those, for instance, who sell in their own shops, while

there is a persistent failure to collect it from those who rent from the city.

It therefore follows that any effort to enforce a section of the ordinance by remitting or failure to collect the license fee from some would be a discrimination and would be illegal. In other words, the ordinance and its enforcement must apply and be enforced equally to all of a particular class. It is contended that, if this section is to be eliminated entirely, it can only be compelled by an injunction, and this is probably correct. But, before a court would enjoin the officers, it would be necessary for the plaintiff to make the allegations specific, showing facts which amounted to a discrimination or an effort to enforce this section of the ordinance.

The complaint in this case does not contain such allegations as to justify an injunction with reference to § 12 of the act. There is no fact stated tending to show that there is any attempt to arbitrarily favor or prefer any individuals.

There might be cases of charity, and cases where the public good required it, that would justify the council in acting under and in accordance with § 12 of the ordinance. However, if the authorities undertook to arbitrarily enforce this section, or undertook to enforce said section so that it would be a discrimination, they would be enjoined from so doing; but, as we have said, the allegations in the complaint in this case are insufficient, and the decree of the chancery court is affirmed.