LISTER *v.* CITY OF FORT SMITH.

4147

134 S. W. 2d 535

Opinion delivered December 11, 1939.

*L. E. Lister,* for appellant.

*Brady Pryor,* for appellee.

MEHAFFY, J. Appellant, L. E. Lister, is a citizen of the city of Fort Smith, Sebastian county, Arkansas, and is engaged in said city in the practice of law. He was charged and convicted in the municipal court for failing to pay his privilege or occupation tax, in violation of the ordinance of the city of Fort Smith. The city ordinance requires each person, and where there is a partnership, each member of the firm, to pay a tax for the privilege of practicing law.

He prosecuted an appeal to the circuit court of Sebastian county in two cases. In one case, the appeal was dismissed because it had not been filed in the circuit court within the time fixed by law for taking appeals from the municipal court. In the other case he was convicted, and he prosecuted this appeal seeking to reverse the judgment in both cases.

When the cases were lodged in the circuit court, the appellant filed a demurrer, and for grounds of said demurrer stated: first, that the charge filed against him does not state facts sufficient to constitute a public offense or a crime; second, that the charge of failing to pay privilege license tax in violation of the city ordinance of the city of Fort Smith does not constitute a violation of the criminal statute, or constitute a crime or public offense under the laws of the State of Arkansas; third, that the city of Fort Smith is without authority in law to make the non-payment of privilege tax levied for the purpose of revenues only a public offense or crime unless authorized by state law so to do, and that the state statute upon which said city ordinance is based does not make the failure to pay said tax a misdemeanor or violation of law; fourth, that the statute, § 9728 of Pope's Digest of the statutes of the state of Arkansas, upon authority of which said city ordinance which the defendant is charged with violating is unconstitutional

and void in that it violates § 11 of art. 16 of the Constitution of Arkansas; fifth, that the ordinance which the appellant is charged with violating, is unconstitutional and void for the reason that said tax is levied for revenue purposes only, and that said ordinance violates and is in conflict with § 11 of art. 16 of the Constitution of the State of Arkansas; sixth, that the amendment adopted by the people of the State of Arkansas at the regular election in November, 1938, authorizing the Supreme Court to regulate the practice of law repeals all laws and ordinances providing for the levying of a privilege tax upon the practice of law, and that said plaintiff is without authority of law to levy or attempt to collect a privilege tax from this defendant since the adoption of said amendment.

This demurrer was filed in case No. 114, and the same demurrer was filed in case No. 106 except paragraph 6 of the demurrer, and this paragraph was not included in case No. 106 because the conviction was had before the adoption of amendment No. 28.

When the cases were called for trial in the circuit court they were consolidated and the appeal in case No. 106 was dismissed because not filed within 30 days, as required by the act known as the Municipal Court Act of the city of Fort Smith. The demurrer was presented in the other case, and after hearing, the same was overruled by the court. The appellant declined to plead further, electing to stand on said demurrer. The court rendered judgment against appellant for a fine of $12.50. To the action of the court in overruling the demurrer, appellant saved exceptions and prayed an appeal to the Supreme Court, and also prosecuted an appeal in case No. 114.

It is contended first by apellant that the statute providing for appeal within 30 days applies to civil appeals only.

Section 9903 of Pope's Digest reads: "All appeals from municipal courts must be taken and the transcripts of appeal lodged in the office of the clerk of the circuit

court within thirty days after judgment is rendered, and not thereafter. The Circuit Court shall advance on its docket such causes on appeal and the same shall stand for trial *de novo* in the circuit court ten days after being docketed.''

It will be observed that this section provides that all appeals must be taken within 30 days, and this necessarily includes criminal as well as civil appeals.

In the case of *Loveland* v. *States Pharmacy,* 123 Ark. 320, 185 S. W. 288, the court passed on the statute providing for appeals under act 64 of 1913. That act provided that all appeals in criminal cases from justice, mayor, or police courts, must be filed in the circuit court of Pulaski county within 30 days, and also provided that all appeals in civil cases should follow § 4666 of Kirby's Digest. This section of Kirby's Digest provides that the appeal must be taken within 30 days after the judgment is rendered, and not thereafter.

The court in the above mentioned case construed the act and the statute, and held that the appeal must be taken within 30 days.

The section of Pope's Digest above referred to is controlling and has reference to appeals in both civil and criminal cases. The trial court was, therefore, correct in dismissing the appeal, because it was not taken within the time allowed by law.

It is next contended by the appellant that the privilege tax levied is a tax for revenue purposes only, and that a privilege tax levied for revenue purposes only is void because it is contended that the city has no inherent power to tax and must receive its authority from the legislative authority, and that the legislature cannot delegate any greater authority to the municipality than it possesses itself. It is contended that § 11 of art. 16 of the Constitution provides that no tax shall be levied except in compliance with law, and every law levying a tax shall state the purpose for which the tax is levied. Appellant, therefore, contends that both the statute and

ordinance are void under this provision of the Constitution. He calls attention to § 4271 of 44 C. J., p. 1261.

The question of the constitutionality of the act was settled in the case of *Davies* v. *Hot Springs,* 141 Ark. 521, 217 S. W. 769. The court in that case said: "The attack is on the validity of the statute itself as well as the ordinance in question passed by the municipality. It is conceded to be within the power of the legislative branch of our State Government to pass laws authorizing municipal corporations to provide by ordinances for the enforcement of a tax on occupations, including professional, trade and business avocations of all kinds. This court has expressly decided that under the Constitution now in force that power exists."

The opinion in that case was written by the late Chief Justice McCulloch, and every provision of the statute and ordinance was thoroughly discussed therein. The constitutional questions raised by appellant in this case were decided against the contention of appellant. That case has been followed and the question discussed in many cases, among which are the following: *State* v. *Hurlock,* 185 Ark. 807, 49 S. W. 2d 611; *Texarkana* v. *Taylor,* 185 Ark. 1145, 51 S. W. 2d 856; *Helena* v. *Russwurm,* 190 Ark. 601, 79 S. W. 2d 993; *McIntosh* v. *Little Rock,* 159 Ark. 607, 252 S. W. 605; *Sims* v. *Ahrens,* 167 Ark. 557, 271 S. W. 720; *Rogers* v. *Rogers,* 174 Ark. 486, 295 S. W. 708; *Merritt* v. *Gravenmier,* 169 Ark. 779, 277 S. W. 526. These questions were also thoroughly discussed in *Baker* v. *State,* 44 Ark. 134.

There seems to be no reason to again review the authorities on these questions. However, the appellant contends that since the adoption of amendment No. 28, requiring the Supreme Court to make rules regulating the practice of law and the professional conduct of attorneys-at-law, this amendment takes the place of all these other constitutional provisions and the statute.

Amendment 28 has nothing to do with the privilege tax required of lawyers. This amendment has no application to this case.

The authorities we have cited thoroughly discuss the power of the legislature and the constitutionality of the city ordinance, and all uphold the power of the legislature and the city, without exception.

The judgment of the circuit court is affirmed.