BALDWIN *v.* CITY OF BLYTHEVILLE.

4-8503                                              208 S. W. 2d 458

Opinion delivered February 23, 1948.

*Ed B. Cook,* for appellant.

*Percy A. Wright,* for appellee.

SMITH, J. This appeal questions the constitutionality and validity of Ordinance No. 472 of the City of Blytheville, a city of the first class, entitled, "An Ordinance Regulating, Supervising and Controlling the Operation of Motor Vehicles Used in the Transportation of Persons for Compensation Over the Streets of Blytheville, Arkansas." The recited purpose of the ordinance was to regulate the taxicab business in that city, and was apparently enacted under the authority of Act 213 of the 1939 session of the General Assembly. Certain sections of that act were held to be unconstitutional in the case of *No. Little Rock Transportation Company* v. *City of*

*North Little Rock,* 207 Ark. 976, 184 S. W. 2d 52, as authorizing the passage of municipal ordinances which would stifle competition and create monopolies in the operation of the taxicab business. But it was held that as the provisions of the act were separable, the unconstitutional provisions of the act might be stricken, and that the parts remaining were valid. These provisions held ·valid authorized the imposition of an occupation tax upon that business.

Section 2 of the ordinance requires an applicant for license to pay a fee of $25 for regulation and inspection purposes. This § 2 in connection with § 3 requires the applicant to give the names of the drivers to be used by the applicant, and contemplates that an examination will be had as to the character and reputation and competency of such driver, with authority to deny license to unfit persons, with a right to a hearing on these questions before the City Council.

In opposition to this feature of the ordinance, it is insisted that while the ostensible purpose of the imposition of the $25 fee is to secure regulation and supervision, its actual purpose and effect is to raise revenue for the reason·that the fee charged bears no fair or reasonable relation to the service to be performed in that behalf.

We have frequently held that a municipality may not pass a regulatory ordinance in the exercise of its police power for the purpose of raising revenues, but that the fee for regulation must bear some fair relation to the cost of supervision and that if the fee is so disproportionate as to show an intent to raise revenue instead of securing regulation, the ordinance is void. See *Shaw* v. *Conway,* 179 Ark. 266, 15 S. W. 2d 411, and cases there cited. We think the testimony does not show that this $25 fee is imposed for revenue purposes, and is not unreasonable in view of the services performed in that behalf.

A more serious question raised on this appeal relates to the validity of § 17 of the ordinance, which reads as follows: "Every person, firm or corporation, their lessees, trustees, or receivers, operating any motor propelled vehicle for transportation of persons for compen-

sation over any of the streets and avenues of the City of Blytheville, Arkansas, shall pay an annual license fee of three hundred dollars ($300) for the first vehicle, two hundred dollars ($200) for the second vehicle, and fifty dollars ($50) for each additional vehicle operated.''

It is insisted that this section is arbitrary and discriminatory and is so excessive as to be conducive to the creation of a monopoly in the operation of the taxicab business. The appellants here who were engaged in the operation of taxicabs at the time of the passage of this ordinance, paid, under protest, the fees required by the ordinance, and seek to have returned fees in excess of $50 per cab which they were required to pay under threat of arrest if they operated without paying the license fee which the ordinance required.

It was shown that three operators have combined their operations and now operate as a single unit. One of those persons had operated three cabs, and each of the other two operated four cabs, and fees were charged those persons, under § 17 of the ordinance, as follows: $300 for one cab, $200 for a second cab, and $50 for each of the remaining cabs, while the plaintiffs were required to pay, and did pay a fee of $300 for each of the cabs operated by them.

It was alleged that it was an arbitrary discrimination, and it was prayed that the excessive fees be returned, and that the city be enjoined from hereafter demanding the fee of $300 which they are each required to pay. The relief prayed was denied, and from that decree is this appeal.

We dispose of this contention by saying that it was not shown that the ordinance had operated to create a monopoly. The plaintiffs here and others are still operating.

Act 213 of the Acts of 1939 confers the power to impose an occupation tax on the operation of taxicabs, which is of course conferred for the purpose of raising revenue, and city councils have the power to determine the amount of the tax, subject to certain limitations.

First, the tax must not be arbitrary or discriminatory, but must apply alike to all persons in the same classification, and

Second, it must not be so excessive as to prevent one from engaging in a lawful occupation, or amount to the suppression of a business or occupation which is not in itself unlawful or injurious to public health or morals. *Rogers* v. *Rogers,* 174 Ark. 486, 295 S. W. 708; *Helena* v. *Russwurm,* 190 Ark. 601, 79 S. W. 2d 995.

In the case last cited, we quoted from the case of *Fitzgerald* v. *Gates,* 182 Ark. 655, 32 S. W. 2d 634, as follows: "Whether a license tax is prohibitory is primarily a legislative question. 'All presumptions and intendments are in favor of the validity of the tax; in other words, the mere amount of the tax does not prove its invalidity.' The reasonableness of an occupation tax does not depend on whether or not a hardship results in an isolated case, but instead upon the general operation of the tax in the class to which it applies. The amount of the tax is not to be measured by the profits of the business taxed, and the mere fact that the particular person taxed conducted his business at a loss does not of itself make a tax unreasonable. Cooley, Taxation, (4th Ed.) 3433."

Cases cited in the annotation of *Vernor* v. *Secretary of State,* Ann. Cas. 1915D, p. 128, are to the effect that there can be no gradation of fees imposed merely for police regulation, but other cases cited in the note to the text appearing in the Chapter on Automobiles, 5th, Am. Jur. § 130, p. 582, are to the effect that in levying a tax or license fee which is a revenue measure, the impost may be graduated. Examples of distinction which may be made are those based on horse power of the vehicle, its weight, seating capacity, etc., but whatever the distinction, the tax must apply alike to all persons who are included in the classification made.

Some classifications are based upon the number of units employed or involved, the most common of which is the tax on chain stores, where the amount of the tax is dependent upon the number of stores in the chain.

The power to levy this graduated tax was upheld by the Supreme Court of the United States in the case of *State Board of Tax Commissioners* v. *Jackson,* 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464.

Here the tax is graduated upon the basis of the number of taxis employed by each person, and the unusual feature of the ordinance is that it is graduated down, and not upward in proportion to the number of taxis operated.

It is within the power of the General Assembly to impose graduated taxes for state purposes, the most familiar examples of which are our income and inheritance tax laws, and we do not hold it is beyond the power of the General Assembly to confer such authority upon the cities of the state, but we do hold that this power has not been conferred in Act 213, *supra.* In fact, that power is denied.

It is provided in § 3 of Act 213, 1939, that "All rates, tariffs and regulations initiated, prescribed, approved or enforced by any such municipality shall apply equally and uniformly to all taxicab operators in such municipality."

The ordinance takes no account of the kind of taxis operated, yet it imposes a graduated tax which Act 213 does not authorize, and there is, therefore, no authority for the graduated tax which the ordinance imposes.

The decree from which is this appeal upheld the ordinance as valid, and made no finding as to what amounts, if any, taxicab operators who had paid the full amount of $300 for single cabs, should recover. It was error therefore for the town council to enact this graduated tax, and the decree will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.