The Honorable Ted E. Mullenix State Representative Route 1, Box 271-J Pearcy, Arkansas 71964
Dear Representative Mullenix:
This is in response to your request for an opinion concerning an initiative petition being circulated in the City of Hot Springs. Specifically, you have asked whether, if sufficient signatures are gathered on the petitions, the people of the City of Hot Springs could enact an ordinance levying a two dollar per day "public safety tax" on hotel and motel accommodations which would accrue to a fund to pay hazardous duty compensation to policemen and firefighters. You have also asked whether an issue of this sort may be raised by petition, and whether the petition being circulated conforms to Arkansas law.
For the following reasons, it is my opinion that the answer to your first question is "no", and the answer to your second question is "yes".
The petition proposes an ordinance to levy a "public safety tax." Such a tax is authorized by no specific legislative action in Arkansas. It has consistently been held that:
 . . . municipal corporations, or quasi corporations, such as cities and counties, cannot disregard the provisions of the acts of the legislature for the collection of revenue, because they are but its creatures, and have no sovereignty, have no power whatever to collect a single dollar of tax for any purpose whatever, unless it is conferred upon them by the legislature — their taxing powers are all derived from that source. . . .
English v. Oliver, 28 Ark. 317 (1873).
Taxes imposed by political subdivisions without statutory authority are void. Baldwin v. City of Blytheville, 212 Ark. 975,208 S.W.2d 458 (1948). The same is equally true of matters initiated by local voters. Allen v. Langston, Sheriff, 216 Ark. 77,224 S.W.2d 377 (1949).
Although several Arkansas statutory provisions provide for the taxing of hotel and motel accommodations, (See, A.C.A. 26-53-301,26-75-701, 26-75-602, and 14-20-112), and although A.C.A.24-10-101 et seq. provides for a police and firefighters retirement system, the tax contemplated by the petition now being circulated is not authorized by any of these provisions. It could be argued, however, that A.C.A. 26-73-103 authorizes the tax. That section provides in pertinent part:
 (a) In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court, or any municipality, acting through its governing body, may levy any tax not otherwise prohibited by law.
 (f) Nothing in this subchapter shall terminate, repeal, or otherwise affect a gross receipts tax on the receipts derived from hotels, motels, and restaurants located within any city levied under the provisions of 26-75-601 et seq.
The provision quoted above does not give the taxation power to the people by initiative, only to the city's governing body. Additionally, subsection (f) above, and the various statutory provisions cited, supra, authorizing gross receipts taxes on hotels, arguably have "covered the entire field" thus preempting local legislation on the subject. Allen, supra. It is therefore my opinion that the tax contemplated by the petition is unauthorized by statute and would therefore be void if enacted. The case of City of North Little v. Graham, 278 Ark. 547,647 S.W.2d 452 (1983), does not authorize the tax sought to be imposed. In Graham, the tax, which was imposed by city ordinance rather than initiative, was never voted on by the electorate, and as such the court never reached the issue of whether the "public safety fee" was authorized by statute.
As to the question of whether an issue of this nature can be raised by initiative petition, Amendment 7 to the Arkansas Constitution reserves to the voters of each municipality and county the power to initiate local, special, and municipal legislation of every character. This broad language includes legislation to impose a tax, as long as the tax is authorized by statute, and is not contrary to the constitution or any general law of Arkansas. (Constitution, Amendment 7). As noted earlier, the tax contemplated by the petition you have enclosed is not authorized by statute.
Finally, we express no opinion upon the sufficiency of the petition you have enclosed as the duty to determine the sufficiency of all local petitions lies, in the first instance with the City Clerk. Arkansas Constitution, Amendment 7.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.