BATESVILLE *v.* SMYTHE.

Opinion delivered April 7, 1919.

1. DISORDERLY HOUSE—QUESTION FOR JURY.—Evidence *held* sufficient to warrant submission of the issue as to whether defendant was a prostitute occupying a room for purpose of prostitution, in violation of a city ordinance.

2. DISORDERLY HOUSE—CITY ORDINANCE—PROOF.—Under a city ordinance prohibiting a prostitute or loose woman from occupying any room or tenement for the purpose of prostitution or assignation, proof of a single act of sexual intercourse in a house is insufficient to warrant a conviction, without further proof that the woman using the room was a prostitute and that she was using the room for the purpose of prostitution or place of assignation.

3. DISORDERLY HOUSE—EVIDENCE—REPUTATION.—In a prosecution of an alleged prostitute for maintaining a room or tenement for purposes of prostitution or assignation, in violation of a city ordinance, proof of the ill repute of the house and of the general reputation of inmates and frequenters thereof is competent to show the character of the place.

4. DISORDERLY HOUSE—EVIDENCE—REPUTATION.—In such prosecution, the accused's reputation is admissible to show the character of the house, she being an inmate thereof.

5. CRIMINAL LAW—FORMER JEOPARDY.—Under a city ordinance which prescribes a fine but no imprisonment, defendant may be tried again on reversal of the cause after acquittal.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Samuel M. Casey,* for appellant.

The court erred in holding that a single act of prostitution was not sufficient to make out an offense under the ordinance and that it was necessary to show that the illicit intercourse must be shown to have been for gain, that is, that money should pass. The plain terms of the ordinance do not require any such showing, and further do not require more than one act of intercourse to make the offense. The ordinance is well within the authority and powers of the city. 127 Ark. 268; Kirby's Dig., § 5438.

204 S. W. 626 defines a prostitute as one who for hire or without hire offers her body, etc. The city proved that defendant used her room for prostitution and offered to prove her reputation for morality was bad and that it was that of a prostitute. It was shown that her house was a place where loud noises, vulgar language and general disorderly conduct was had. The judgment should be reversed as the ordinance only provided for a fine. 205 S. W. 981; Kirby's Digest, § 2626.

McCULLOCH, C. J. Appellee was arrested and tried before the mayor of the city of Batesville, for violation of an ordinance of the city, which reads as follows:

"Sec. 211. That every bawd, prostitute or loose woman who shall use or occupy any room or tenement for the purpose of prostitution or place of assignation within the city of Batesville, and every person who shall rent or permit any room or tenement in his or her possession or control to be so used or occupied, and every male person visiting any room or tenement so used and occupied for the purpose of illicit intercourse shall be guilty of a violation of this ordinance."

The ordinance provides for punishment by a fine of $25 for each offense. On appeal to the circuit court from a judgment of conviction before the mayor, the case was tried before a jury, and the court, after the introduction of the evidence was completed, gave a peremptory instruction to the jury for acquittal of the accused.

Appellee was operating a restaurant in Batesville, occupying a room in a two-story building, and the evidence tends to show that she was detected having sexual intercourse with an unidentified man one night about 10 o'clock in the room. Appellee and this man were, according to the testimony, seen by several witnesses lying on the floor having sexual intercourse. The testimony also shows that the room occupied by appellee was a disorderly place, and that cursing and loud noises were permitted there frequently until late at night so as to disturb the family who occupied the second story of the building.

Counsel for appellant also offered to introduce testimony of certain witnesses to prove bad reputation of appellee in the community for morality.

No testimony was introduced on behalf of appellee.

We are of the opinion that there was sufficient testimony introduced to warrant a submission of the issue as to the violation of the city ordinance. If the proof had been confined to a single act of sexual intercourse in the house it would have been insufficient, for, in order to constitute an offense under this ordinance, the accused must be shown to have been a "bawd, prostitute or loose woman," and that she used or occupied the room "for the purpose of prostitution or place of assignation." It is thus seen that there are two elements constituting the offense; one the character of the woman as a prostitute or loose woman, and the use or occupancy of the room for the purpose of prostitution. It was, therefore, not sufficient to show merely that the room was used in a single instance for illicit sexual intercourse, without further proof that the woman using the room was a prostitute, and that she was using the room "for the purpose of prostitution or place of assignation."

The words employed in the ordinance are defined, so far as concerns the case now before us, in the opinion in the recent case of *Sisemore* v. *State,* 135 Ark. 179, 204 S. W. 626, where we held that (quoting from the syllabus), "the word prostitute means a woman given to indiscriminate lewdness, and the word 'prostitution' means a state of existence for that purpose, and does not include merely the act of a woman occupying the relation of concubinage with one man."

We find other proof in the record, however, which in connection with the proof of the single instance of sexual intercourse, is sufficient to make a case for submission to the jury. That proof consists in the statements of witnesses as to the disorderly manner in which the house was conducted.

It is also insisted that the court erred in refusing to admit testimony of appellee s reputation for immorality.

The rule of evidence in this class of cases is well settled that proof of the ill repute of the house or apartment alleged to have been used for purposes of prostitution is competent, and that proof of the general reputation of inmates and frequenters of such place is competent for the purpose of showing the character of the place. We recognized the soundness of the rule in the case of *Lismore* v. *State*, 94 Ark. 207, but held that such proof was, of itself, insufficient to sustain a conviction. In the opinion, Judge BATTLE, speaking for the court, said: "The evidence that the house occupied by appellant had the reputation of being a bawdy house was not sufficient to convict. It is a circumstance which may be shown in connection with evidence that it was a resort of men and women who are reputed to be of lewd and lascivious character. Independently, it is of no force or effect."

There is a conflict in the authorities as to the admissibility of proof of the reputation of the accused person, the same as other inmates of a house of prostitution, but we think the weight of authority sustains the view that such proof is competent. The universally conceded rule is that guilt of a person accused of crime can not be established by proof of general reputation, but an exception to that rule, or rather an instance of nonapplication of the rule, is that the character of a house may be established by the reputation of its inmates and frequenters, and this applies to the proof of reputation of the accused person as an inmate of the house. *State* v. *Hendricks,* 15 Mont. 194, 48 Am. St. Rep. 666; *Howard* v. *People*, 27 Col. 396; *Dailey* v. *State,* 55 S. W. (Tex. Ct. App.) 823; *Sparks* v. *State*, 59 Ala. 82; *State* v. *Mack,* 41 La. Ann. 1079.

We content ourselves with quoting the views expressed by the Montana Supreme Court in the case of *State* v. *Hendricks, supra,* as follows:

"The principle of law that the character of a defendant may not be attacked by the State unless she puts her character in issue by her defense can not be said to be violated because the evidence of her reputation is not

admitted to prove that, inasmuch as the defendant is a prostitute, she is therefore a bad woman, and thus would be more likely to commit the crime charged against her, but as bearing upon a material issue in the information; that is, the character of the inmates of the house, of which she may happen to be one, and the character of the house, and the intent of the keeper. * * * A woman may live as the sole inmate and keeper of a bawdy house; yet, if several of the cases cited by appellant correctly state the law, although the reputation of the inmates of a bawdy house is a proper subject of investigation, still there could be no testimony offered to prove the fact that she was by reputation a prostitute, simply because she was the person charged with the offense. We think such a distinction is not well founded, and prefer to lay down the rules fixed in those cases which put the defendant keeper, if an inmate, on a plane with the others, whose characters become matters of common repute.''

It necessarily results from these views that evidence of the bad reputation of the occupant of the house was competent for the purpose of establishing the character of house, and the use she was making of it. It is not a question of establishing guilt by proof of bad reputation, but, in order to establish guilt, it is competent to show the bad reputation of the house by proving the character of the people who lived in it, or who resorted to it.

We think the court erred in not admitting the offered testimony.

There is no imprisonment prescribed in the ordinance as punishment for violation, and when the cause is remanded the accused may be tried again without exposing her to jeopardy for the second time.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.