HELENA *v.* RUSSWURM.

Crim. 3928

Opinion delivered March 18, 1935.

*Polk & Orr*, for appellant.

*Jo M. Walker*, for appellees.

SMITH, J. In the former opinion in this case [*Helena v. Russwurm*, 188 Ark. 968, 68 S. W. (2d) 1009], it was adjudged that the effective ordinance of the city of Helena imposed upon all persons practicing the professions of physicians and surgeons or dentists an annual occupation tax of $50. Upon the remand of the cause, it was sought to have a fine imposed upon appellees for a violation of this ordinance by practicing the professions named above in which they were respectively engaged without paying the tax imposed by the ordinance. This action was resisted by appellees upon the ground that the ordinance was void (a) because it was discrimina-

tory, and (b) because it was unfair, unreasonable, oppressive and excessive.

The court did not find, and the testimony did not show, that the ordinance was discriminatory. But the court did find "that the ordinance of the city of Helena under which these defendants are prosecuted, being ordinance No. 1858, so far as it relates to the occupation tax to be charged doctors and dentists, is unfair, unreasonable, oppressive and excessive, and is therefore void." This appeal is from the judgment based upon that finding, which dismissed the prosecution for a violation of the ordinance.

We have many cases in our reports in which there were involved ordinances enacted under the general police power which the cities and towns possess. These were regulatory ordinances which contained provisions whereby the cost of the supervision and regulation might be paid by imposing a license tax upon the trade, business, occupation, or profession, etc., regulated. The general test applied in determining the validity of such ordinances was whether the tax imposed bore a fair relation to the cost of the supervision and regulation. If so, the ordinances were held valid. On the other hand, if it appeared that the tax was so excessive as to make it obvious that the purpose of the ordinance was merely to raise revenue and bore no fair relation to the probable and reasonable cost of supervision and regulation, they were held void. The case of *North Little Rock* v. *Kirk,* 173 Ark. 554, 292 S. W. 993, reviews a number of these cases and deduces from them the rule just stated. Such cases will not aid us in passing upon the validity of the ordinance here under review. It is not a regulatory ordinance, but was passed for the admitted purpose of raising revenue to pay the operating expenses of the city government. Authority for enacting such ordinances is expressly conferred by § 7618 *et seq.,* Crawford & Moses' Digest, and later acts of the General Assembly amendatory thereof.

The power to pass such ordinances under the authority of the statute mentioned was so thoroughly considered and so plainly declared in the case of *Davies* v.

*Hot Springs,* 141 Ark. 521, 217 S. W. 769, that the subject need not again be reviewed. It was there reaffirmed to be within the power of the General Assembly to pass laws authorizing municipal corporations to provide by ordinance for the enforcement of a tax on occupations, including professional, trade and business avocations of all kinds, and the power of municipalities to enforce such ordinances by the imposition of a fine for their violation was also expressly upheld.

It was there also said that the provision of the Constitution with respect to uniformity applies only to the property tax, and has no reference to the taxation of privileges, and that the only restriction which the law imposes upon the exercise of the power is that there shall not be a discrimination between persons in like circumstances and pursuing the same class of occupations; and it was there also said that, as such ordinances were revenue, and not regulatory, in their nature, it was not necessary for the ordinances to provide for any system of regulation or inspection. Prior decisions of the court there cited fully sustained these declarations of law, and the validity of the ordinance thereunder review, imposing a tax of $25 on physicians practicing in the city of Hot Springs was upheld.

In support of the contention which was sustained by the court, there was offered in evidence the ordinances of a number of the cities of the State on the same subject, and it was made to appear that the tax in Helena was twice as high as a similar tax imposed by cities having a larger population. It was further shown that the tax was a burden, which had grown more burdensome through reduced collections of professional fees, which condition was caused by the general depression. It was not contended, however, and no attempt was made to show, that the tax was so large as to prohibit the defendants who had resisted its collection or others similarly employed from pursuing and practicing their respective professions. On the contrary, they admit that this is not true.

Now, of course, any tax is a burden, and the greater the tax the greater the burden, and the depression which the witnesses refer to make the burden greater; but it is

also unfortunately true that the depression increased the city's need for revenue. But the question presented to us is that of power, and not that of expediency. The fact that the tax in the city of Helena exceeded that imposed upon similar occupations in other cities even larger is not one which will control our determination of its validity, for, as was said in the case of *Rogers* v. *Rogers,* 174 Ark. 490, 298 S. W. 501: "It has therefore been held that the only limitation on license taxation seems to be that it must not be so unreasonable as to show a purpose to prohibit a business which is not in itself injurious to public health or morals."

In our latest case, that of *U-Drive-Em Corporation* v. *Wiseman,* 189 Ark. 1163, dealing with the limitations upon the legislative power to impose privilege taxes, where the power exists to levy such taxes, we quoted from the case of *Fitzgerald* v. *Gates,* 182 Ark. 655, 32 S. W. (2d) 634, as follows: "Whether a license tax is prohibitory is primarily a legislative question. 'All presumptions and intendments are in favor of the validity of the tax; in other words, the mere amount of the tax does not prove its invalidity.' The reasonableness of an occupation tax does not depend on whether or not a hardship results in an isolated case, but instead upon the general operation of the tax in the class to which it applies. The amount of the tax is not to be measured by the profits of the business taxed, and the mere fact that the particular person taxed conducted his business at a loss does not of itself make a tax unreasonable. Cooley, Taxation, (4th ed.) 3433." (Citing authorities.)

The testimony in the instant case does not show that the tax is prohibitory; indeed, the contrary is conceded to be true, and, while it is no doubt very burdensome, that fact does not warrant the holding that the city council of Helena exceeded its power in its enactment.

The judgment of the circuit court will therefore be reversed, and the cause will be remanded for further proceedings conforming to this opinion. *Batesville* v. *Smythe,* 138 Ark. 276, 211 S. W. 140.